**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lueleni Fetongi MAKA, Defendant—Appellant.**

**No. 06–10339.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2007.

Filed June 14, 2007.

Leslie E. Osborne, Jr., Esq., William L Shipley, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Barry D. Edwards, Esq., Kaneohe, HI, for Defendant–Appellant.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Lueleni Fetongi Maka ("Maka") appeals his conviction and sentence on several counts of human trafficking in violation of 18 U.S.C. § 1590, involuntary servitude in violation of 18 U.S.C. § 1584, and alien

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

smuggling and harboring in violation of 8 U.S.C. § 1324. We affirm.

■ The human trafficking counts are not multiplicitous of the involuntary servitude counts, as each requires proof of a fact the other does not. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under § 1584, the defendant had to actually hold another to involuntary servitude, something not required for a conviction under § 1590, which requires knowledge that the laborer will be used by someone for such purposes, but does not require that the recruiter or transporter be that person. Likewise, a conviction under § 1590 requires proof the defendant recruited, transported, harbored or otherwise obtained the laborer with the knowledge he or she would be used in involuntary servitude, whereas an "end-user" defendant could be convicted under § 1584 even if not involved in the acquisition or transportation process. Thus, charging and sentencing Maka with both crimes did not violate the Fifth Amendment. *United States v. Nash,* 115 F.3d 1431, 1437 (9th Cir.1997).

■ Similarly, the § 1590 human trafficking charges were not multiplicitous of the alien smuggling and harboring counts. The alien smuggling and harboring statute, § 1324, does not require that the smuggling or harboring be with the intent to use the individual for "labor or services," as required by § 1590. Section 1590 does not differentiate between trafficking in aliens versus United States citizens, whereas § 1324 requires proof the person smuggled or harbored was an unauthorized alien. Again, because each offense requires proof of a fact the other does not, the offenses are not multiplicitous. *Nash,* 115 F.3d at 1437.

However, the district court erred by failing to vacate Maka's convictions with respect to the forced labor counts it held to be multiplicitous. Although the district court did not impose any sentence or special assessment on these counts, 18 U.S.C. § 3013 *requires* the court to impose a $100 special assessment for each felony count of conviction. *See Rutledge v. United States,* 517 U.S. 292, 301, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). This poses a dilemma. If we were to remand for the court to comply with this requirement, imposing the special assessment would result in cumulative punishments in violation of the Double Jeopardy clause. *See id.* at 301–03, 116 S.Ct. 1241 ("Although petitioner did not challenge the assessment below, 18 U.S.C. § 3013 required the district court to impose it," and the assessment was therefore a collateral consequence of conviction and a cumulative punishment not authorized by Congress). Therefore, the only appropriate remedy is for the district court also to vacate the convictions on the forced labor counts, thereby eliminating the requirement for the additional punishment. *See id.* at 301–02, 116 S.Ct. 1241 (quoting *Ball v. United States,* 470 U.S. 856, 864, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)).

Maka's claims of ineffective assistance of counsel require additional factual development and are not appropriate for resolution on direct appeal. *See United States v. Hanoum,* 33 F.3d 1128, 1131 (9th Cir. 1994). We deny these claims without prejudice, as Maka may bring these claims in a collateral attack under 28 U.S.C. § 2255.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**[1]

1. On remand, in addition to vacating the forced labor convictions, the district court

---

may, in its discretion, consider Maka's pro se
Rule 33(b)(1) motion for a new trial based on
newly discovered evidence.

